**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Alonso DOMINGUEZ–CASTORENA,**
**Defendant–Appellant.**

**No. 07–40030**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM: *

Alonso Dominguez–Castorena (Dominguez) appeals his conviction and sentence for being unlawfully present in the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.

States after having been removed previously. Dominguez argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon the determination that his 2004 convictions under TEX. PENAL CODE § 21.11(a) for indecency with a child were crimes of violence.

Sexual abuse of a minor is an enumerated offense which qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii). *United States v. Zavala–Sustaita,* 214 F.3d 601, 604–05 (5th Cir.2000), held that a violation of § 21.11(a) is sexual abuse of a minor as that term is used in its "ordinary, contemporary, [and] common meaning." As such, the district court did not plainly err in applying the enhancement under § 2L1.2(b)(1)(A)(ii).

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Dominguez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007).

Accordingly, the judgment of the district court is AFFIRMED.